IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-31014
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MITCHELL MINOR, JR.,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Middle District of Louisiana
(97-CR-6-ALL)
- - - - - - - - - -

November 25, 1998

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

    Defendant-Appellant Mitchell Minor, Jr., appeals his
conviction and sentence for being a felon in possession of a
firearm, in violation of 18 U.S.C. § 922(g)(1).  He argues that
the district court erred in denying his motion to suppress.
Minor has not, however, established that the district court
clearly erred in finding that police officers saw him carrying a
cloth bag out of which protruded the butt of a revolver and that
he abandoned the bag containing the revolver while being pursued

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

by the police; thus, the district court did not err in denying Minor's motion to suppress.  See California v. Hodari D., 499 U.S. 621, 625-26 (1991).

Minor next argues that counsel was ineffective in agreeing with the government to stipulate to the fact that Minor had a prior felony conviction.  Although such claims are not ordinarily reviewed on direct appeal, the district court record in the instant case is sufficient to dispose of this claim.  See United States v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995).  Minor has failed to demonstrate that counsel performed deficiently or prejudicially in agreeing to the stipulation, so his ineffectiveness claim is without merit. See Strickland v. Washington, 466 U.S. 668, 687, 697 (1984).

Minor additionally challenges the sufficiency of the evidence to support his conviction, given the fact that the revolver was not found on his person at the time of his arrest.  His claim is without merit because any reasonable jury could have found beyond a reasonable doubt that he possessed, then abandoned, the revolver.  See United States v. Gresham, 118 F.3d 258, 265 (5th Cir. 1997), cert. denied, 118 S. Ct. 702 (1998); see also Jackson v. Virginia, 443 U.S. 307, 318-19 (1979).

Finally, Minor contends that the district court erred in refusing to award him a downward adjustment for acceptance of responsibility.  Minor did not plead guilty but put the government to its burden of proof at trial and has done nothing since his conviction to demonstrate that he has accepted responsibility for his crime.  Consequently, the district court

committed no error in concluding that Minor did not merit a downward adjustment for acceptance of responsibility and thus declining to award one.  See U.S.S.G. § 3E1.1, comment. (nn.1 & 2).

AFFIRMED.